PATTON ET AL., BOARD OF EDUCATION OF DOVER
TOWNSHIP, ET AL. *v.* THE STATE, EX REL.
HERSHEY ET AL.

*Schools — Districts classified — Section 4679, General Code — Sub-
districts abolished — Transportation of pupils — Residing in
suspended district.*

1. Under the present school code of Ohio there is no provision for
   what were known in the past as sub-districts, and the sub-
   district school is, therefore, now without authority or legal
   existence.
2. Provision must be made for the transportation of all pupils of
   legal school age who reside in the territory of a suspended
   school and live more than two miles by the nearest traveled
   highway from the nearest school, or the school to which they
   have been assigned.

(Decided June 11, 1919.)

ERROR: Court of Appeals for Tuscarawas
county.

*Mr. E. E. Lindsay,* prosecuting attorney, and *Mr.
Ed. C. Seikel,* for the plaintiffs in error.

*Mr. C. L. Cronebaugh,* for defendants in error.

HOUCK, J. The defendants in error were the
relators in the court below. Two questions are
presented by the record in this case:

First. Does what was formerly known as the
"sub-district school" have any legal existence; does
the present school code of Ohio authorize it? We
answer this in the negative. Section 4679, General
Code, reads:

"The school districts of the state shall be styled,
respectively, city school districts, village school dis-

tricts, rural school districts and county school districts."

It was undoubtedly the purpose of the general assembly of Ohio, by the adoption of this section, to clearly and definitely designate the names of the school districts that could have a legal existence; and the language it used is clear and certain of meaning, and it seems to us no doubt can possibly exist that the four school districts named in the above section are the only ones that are authorized by law. Sub-districts not being provided for, in said enactment, do not now exist in fact or in law.

Some of us may, and many of us do, cherish the sweet memories of the old "sub-district schools," but now they are only with us as we look backward, having been consigned by the lawmakers of our state to the archives of the past.

Second. When the board of education of a rural school district suspends a school therein, what children of school age residing in the territory of the suspended district shall be transported to another school?

This question must be answered from a correct and proper interpretation placed upon Sections 7730 and 7731, General Code. And in doing so we hold that these two sections must be read, interpreted and construed together.

Section 7730, General Code (107 O. L., 638):

"* * * Upon such suspension the board * * * in such rural school district shall provide, for the conveyance of all pupils of legal school age, who reside in the territory of the suspended

district, to a public school in the rural  *  *  *  district."

Section 7731, General Code:

"In all rural and village school districts where pupils live more than two miles from the nearest school the board of education shall provide transportation for such pupils to and from such school the transportation for pupils living less than two miles from the school house by the nearest practicable route for travel accessible to such pupils shall be optional with the board of education."

We hold that all pupils of legal school age, who reside in the territory of the suspended school, and who live more than two miles from the nearest school must and shall be transported to such nearest school, or the school to which they have been assigned, if the same be more than two miles from where such pupil or pupils live in said rural school district. The said distance to be measured from the school house to where such pupils live over the nearest traveled public highway.

It thus follows from what we have already said that the injunction allowed by the common pleas court must be dissolved; that said judgment below should be further modified as indicated by the findings herein; and that the judgment of the common pleas court be and the same is affirmed as modified herein.

*Judgment modified, and affirmed as modified.*

SHIELDS and PATTERSON, JJ., concur.